**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FELIX FULICEA, and
KENNETH ALLEN,

      Plaintiffs,

v.                                           Case No. 11-15496
                                               Hon. Lawrence P. Zatkoff

STATE OF MICHIGAN, and
MICHIGAN DEPARTMENT OF CORRECTIONS,

      Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 24, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss [dkt 10].  The parties

have fully briefed the motion.  The Court finds that the facts and legal arguments are adequately

presented in the parties' papers such that the decision process would not be significantly aided by

oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the

motion be resolved on the briefs submitted.  For the reasons set forth below, Defendants' motion

is GRANTED.

**II.  BACKGROUND**

**A.  PLAINTIFFS' COURT OF CLAIMS CASE**

In 2011, Plaintiffs originally filed a two-count complaint against Defendants in the

Michigan Court of Claims ("the State Case"), claiming that their employer, Defendant Michigan

Department of Corrections, failed to pay them overtime as required under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. In the State Case, Defendants disputed the

Court of Claims' subject-matter jurisdiction, and filed a motion for summary disposition on

August 29, 2011, wherein they argued that:

> Pursuant to the Court of Claims' statute, the Court of Claims' jurisdiction does not extend to claims for which an adequate remedy exists in federal court.  See M.C.L. § 600.6440.  In this matter, claims under the [FLSA] *may be brought in federal court*.  Because Plaintiffs *have an adequate remedy in federal court*, [the Court of Claims] lacks jurisdiction in this matter.   Furthermore, as the [FLSA] claims are statutory in nature, the Court of Claims has no jurisdiction even if there is no adequate federal remedy

Dkt. 11, ex. 3 at 6 (emphasis added).

On September 29, 2011, after Defendants filed their motion, Plaintiffs' counsel sent an

email to Defense counsel to discuss the possible dismissal of the State Case:

> As we have previously stated, Plaintiffs are willing to dismiss this matter without prejudice given Defendants' position that the federal court is the proper forum. So far, you have not responded. Please be advised that, unless we hear from you, Plaintiffs will be seeking their reasonable costs and attorney fees under MCR 2.114 for having to draft and file a response, as well as for having to travel and appear for the October 19, 2011 hearing.

Dkt. 11, ex. 4 at 16.  Defendants' counsel responded that same day:

> I will draft a stipulation to dismiss without prejudice, however*, the assertion in my motion*[for summary disposition] *is that the Court of Claims is not the proper forum* as it is a court of limited jurisdiction and the claims asserted [do] not fall under the Court's jurisdiction.  *As to whether the circuit court or the federal court is the appropriate jurisdiction, Defendants have not asserted any position in that regard.*

Dkt. 11, ex. 4 at 18 (emphasis added).

On  September  30,  2011,  Plaintiffs  filed  their  response  to  Defendants'  motion  for

summary disposition in the State Case.  Plaintiffs took the position that Defendants' statements

in their motion for summary disposition acted as an acknowledgment that Plaintiffs have both an

adequate remedy and forum in federal court.  Based on this characterization, Plaintiffs agreed to

a dismissal of the State Case without prejudice so that Plaintiffs could re-file the case in federal

court.  Along with their response, Plaintiffs included a proposed order to dismiss the State Case

without prejudice.  The proposed order stated that:

> Defendants have taken the position that Plaintiffs' claims under the [FLSA]
> should be brought in federal court; whereby Plaintiffs have agreed to withdraw
> their complaint and re-file it in federal court; and whereby it is not necessary to
> address Defendants' remaining arguments,
>
> IT IS HEREBY ORDERED that Plaintiffs' complaint will be dismissed without
> prejudice, *as this matter should be filed in the federal court.*

Dkt. 11, ex. 4 at 11–12 (emphasis added).

On December 6, 2011, after Plaintiffs filed their response to Defendants' motion for

summary disposition, Defense counsel sent the following email to Plaintiffs' counsel:

> Having reviewed your response to our motion [for summary disposition] it
> appears that there is no disagreement that the FLSA claim should not be in the
> court of claims. Accordingly, I propose that we stipulate to a dismissal without
> prejudice of the court of claims matter which would allow you to re-file *in either
> the federal court or the circuit court.*

Dkt. 12, ex. 2 at 3 (emphasis added).  Plaintiffs' counsel responded that same day, stating that:

> We concur with your assertion that federal court is an appropriate venue for this
> case. Accordingly, in light of the representations made in your brief and your
> email proposal today, we are agreeable to a Conditional Stipulated Order of
> Dismissal. Specifically, we propose to condition the dismissal of this case without
> prejudice on Lippitt O'Keefe's *filing of Plaintiffs' complaint in Federal Court.*
> Please let us know if you are agreeable to the conditional nature of the stipulated
> order of dismissal without prejudice. If we can agree on this, our office will
> prepare the Conditional Stipulated Order of Dismissal Without Prejudice for your
> review and notify the court.

Dkt. 12, ex. 2 at 2 (emphasis added).  Also that same day, Defendants' counsel replied:

> I have no problem with a dismissal without prejudice to allow you to file *in either
> federal or state court. I am not, however, in a position to stipulate to a particular*

3

> *court* but will agree to language that allows Plaintiff[s] to *re-file in either state or federal court provided no defenses are deemed waive*[*d*] by virtue of the stipulation. I'm not sure what there might be but until the case is filed in the appropriate court I'm not really in a position to evaluate. *I'm assuming no stipulat*[*ion*] *will waive any applicable defenses.*

Dkt. 12, ex. 2 at 2 (emphasis added).

Following the email exchange, the parties stipulated to the dismissal of the State Case. On December 8, 2011, the state court judge entered the stipulated order of dismissal without prejudice, which noted:

> Plaintiffs' claims shall be conditionally dismissed without prejudice and without costs and the dismissal without prejudice shall become effective upon the filing of Plaintiffs' complaint *in either Federal Court or a Michigan Circuit Court* by [Plaintiffs' counsel].

Dkt. 11, ex. 5 at 2–3 (emphasis added).

**B. THE INSTANT CASE**

On December 15, 2012, Plaintiff re-filed the case in this Court. In lieu of filing an answer, Defendants filed the instant motion, seeking dismissal of Plaintiffs' claims on the basis that such claims are barred by the Eleventh Amendment.

### III.  LEGAL STANDARD

"When the defendant challenges subject-matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Angel v. Kentucky,* 314 F.3d 262, 264 (6th Cir. 2002) (quoting *Hedgepeth v. Tennessee,* 215 F.3d 608, 611 (6th Cir. 2000)). If a 12(b)(1) attack on subject-matter jurisdiction is a challenge to the sufficiency of the pleading, the court must accept the allegations in the complaint as true. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004). However, if the 12(b)(1) attack is a challenge to the factual basis of jurisdiction, the court must weigh the evidence. *Id. See also Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir. 2003) ("[I]n reviewing a 12(b)(1) motion, the court may consider

4

evidence outside the pleadings to resolve factual disputes concerning jurisdiction and both parties are free to supplement the record by affidavits.").

## IV. ANALYSIS

Defendants argue that the Court lacks subject-matter jurisdiction on the basis that the Eleventh Amendment immunizes them from suit in the federal courts.  Plaintiffs, however, claim that assertions made by Defendants in their state court motion for summary disposition operated as a waiver of the Eleventh Amendment immunity defense.

The Eleventh Amendment prevents a state or its agencies from being sued in a federal court without its consent.  *See, e.g., Alabama v. Pugh,* 438 U.S. 781 (1978). A state may, however, lose sovereign immunity where the state consents to litigation, where the state is alleged to have acted unconstitutionally, or where Congress abrogates sovereign immunity. *VIBO Corp. Inc., v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012) (citing *Kovacevich v. Kent State Univ.,* 224 F.3d 806, 817 (6th Cir. 2000)).  Relevant to this case is the question of whether Defendants consented to litigation in this Court.

In cases of consent, waiver "cannot be implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4 (1969); *United States v. White Mt. Apache Tribe,* 537 U.S. 465, 472 (2003).  Waiver occurs "if the [s]tate makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction."  *College Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 675–76 (1999) (internal citations omitted).  This is a high standard to meet, as courts "will give effect to a [s]tate's waiver of Eleventh Amendment immunity only where stated by *the most express language* or by such *overwhelming implication* from the text as will leave no room for any other reasonable construction."  *Port*

*Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 306–07 (1990) (internal citations and quotation marks omitted).

After reviewing the record and the parties' briefing, the Court finds that Defendants have not waived sovereign immunity for the purposes of Plaintiffs' claims. First, Defendants' statements that Plaintiffs' FLSA claims "may" be brought in federal court, and that "Plaintiffs have an adequate remedy in federal court" do not amount to a "clear declaration" that the State intends to submit itself to federal jurisdiction. In making the statements, Defendants were not commenting on federal jurisdiction, but instead were arguing under Mich. Comp. Laws § 600.6440 that the Court of Claims lacked jurisdiction because there was a remedy available in federal court. Defendants' first statement—that Plaintiffs' claims "may" be brought in federal court—hardly operates as a "clear declaration" of the Defendants' intent to submit to federal jurisdiction, since the statement does not indicate against whom such claims could be brought, and is otherwise ambiguous. Black's Law Dictionary defines the term "may" as follows:

    **1.** To be permitted to;
    **2.** To be a possibility
    **3.** Loosely, is required to; shall; must.

    In dozens of cases, courts have held "may" to be synonymous
    with *shall* or *must*, usually in an effort to effectuate legislative intent.

*See* Black's Law Dictionary(9 th ed. 2009). Therefore, at the very least, Defendants' first statement could be interpreted as: 1) Defendants *permitting* Plaintiffs' to file a suit in federal court; 2) Defendants noting the *possibility* of Plaintiffs filing in federal court; or 3) Defendants stating "loosely" that Plaintiffs *shall* or *must* file in federal court. The fact that three such interpretations are plausible precludes Plaintiffs' assertions, since Defendants' statement is thereby not "stated by *the most express language* or by such *overwhelming implication from the text* as will leave no room for any other reasonable construction." *Feeney,* 495 U.S. at 306–07.

6

Second, Defendants' statement that "Plaintiffs have an adequate remedy in federal court" is similarly inconclusive.  This statement was again made in an effort to argue against the Court of Claims' jurisdiction under Mich. Comp. Laws § 600.6440, and does not indicate *whom*, exactly, Plaintiffs could obtain a remedy from in federal court.  It could very well be that Defendants intended the statement to mean that Plaintiffs could bring FLSA claims in federal court against some other entity and eventually obtain relief.  While the Court emphasizes that it does not impute any particular meaning on Defendants' statements, it does find again that the statements neither comprise "the most express language" nor is there an "overwhelming implication" from the text leaving room for no reasonable construction other than to imply Defendants' submission to federal jurisdiction.  *See Feeney,* 495 U.S. at 306–07.   Moreover, Defendants stated that "even if there is no adequate federal remedy[,]" the Court of Claims lacked jurisdiction—further indication that Defendants did not affirmatively submit to federal jurisdiction.

Third, the context of the stipulated dismissal of the State Case further indicates that Defendants did not submit to federal jurisdiction.  The parties' respective counsel exchanged several emails before stipulating to the dismissal of the State Case without prejudice.  The emails undoubtedly show that Defendants' counsel did not submit to federal jurisdiction.  *See, e.g.*, Dkt. 12, ex. 2 ("[Defendant's counsel is not] in a position to stipulate to a particular court but will agree to language that allows Plaintiff[s] to re-file in *either state or federal court* provided no defenses are deemed waive by virtue of the stipulation. [Defendants' counsel is] not sure what there might be but until the case is filed in the appropriate court [Defendants' counsel is] not really in a position to evaluate [and assumes] no stipulat[ion] will waive any applicable defenses.") (emphasis added).

7

Last, the Court finds it noteworthy that Plaintiffs' proposed order of dismissal in the State Case (submitted with their response to Defendants' motion for summary disposition), included language that the case "should be re-filed in the federal court."  Yet, in accordance with the position set forth by Defendants' counsel in the email exchange, the actual order entered by the state court judge and stipulated to by the parties contains different language—namely that the case would be re-filed in *state court or federal court*.  This not only indicates, again, that Defendants were non-committal as to their amenability to suit in federal court, but also that Plaintiffs were *aware* of this position.  Plaintiffs' insistence on characterizing Defendants' statements as their unequivocal consent to a federal lawsuit does not establish otherwise.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [dkt 10] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' complaint is dismissed WITHOUT PREJUDICE.

IT IS SO ORDERED.

Date:  August 24, 2012

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE

8